JEFF SILVESTRI
Nevada Bar No. 5779
JOSEPHINE BINETTI McPEAK
Nevada Bar No. 7994
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Suite 1200
Las Vegas, NV  89102
Telephone:  702.873.4100
Facsimile:   702.874.9966
E-mail:  jsilvestri@mcdonaldcarano.com
          jmcpeak@mcdonaldcarano.com

MARC J. ROSS (Pro Hac Vice)
MATTHEW P. CANINI (Pro Hac Vice)
SICHENZIA ROSS FRIEDMAN FERENCE LLP
61 Broadway, 32nd Floor
New York, NY 10006
Telephone:  212.930.9700
Facsimile:   212.930.9725
E-mail: mross@srff.com
         mcanini@srff.com

*Attorneys for Fluoropharma Medical, Inc.*

**U. S. DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TODD NELSON, an individual, | CASE NO. 2:13-cv-01152-JAD-CWH |
| Plaintiff, | |
| vs. | **ANSWER** |
| FLUOROPHARMA MEDICAL, INC., a Nevada corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

Defendant Fluoropharma Medical, Inc. ("Fluoropharma" or "Defendant"), by and through its attorneys, Sichenzia Ross Friedman Ference LLP and McDonald Carano Wilson LLP, answers the allegations propounded by Plaintiff Todd Nelson in his complaint filed herein on June 28, 2013 (ECF No. 1) (the "Complaint") as follows:

1. Avers that paragraph 1 draws a legal conclusion and so there are no facts to either admit or deny in paragraph 1 of the Complaint.

2. Admits that Fluoropharma is incorporated in the state of Nevada and otherwise avers that paragraph 2 of the Complaint draws a legal conclusion and so there are no other facts to either admit or deny in paragraph 2 of the Complaint.

3. Denies having knowledge or information sufficient to form a belief as to the allegation in paragraph 3 of the Complaint.

4. Admits that Fluoropharma is incorporated in the state of Nevada and otherwise avers that paragraph 4 of the Complaint draws a legal conclusion and so there are no other facts to either admit or deny in paragraph 4 of the Complaint.

5. Denies having knowledge or information sufficient to form a belief as to the allegations in paragraph 5 of the Complaint.

6. Avers that paragraph 6 draws and legal conclusion and so there are no allegations to either admit or deny in paragraph 6 of the Complaint.

7. Denies having knowledge or information sufficient to form a belief with respect to Plaintiff's status as a founder of Defendant, and admits that Fluoropharma merged with its predecessor in interest, but denies the remaining allegations in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief with respect to the allegations in paragraph 8 of the Complaint, except admits that Plaintiff was a member of Fluoropharma's board of directors.

9. Admits the allegation in paragraph 9 of the Complaint.

10. Denies the allegations in paragraph 10 of the Complaint and respectfully refers the Court to the letter agreement between Plaintiff and Defendant dated February 28, 2005 attached to the Complaint as Exhibit 1 (the "2005 Letter Agreement"), which speaks for itself.

11. Denies the allegations in paragraph 11 of the Complaint and respectfully refers the Court to the 2005 Letter Agreement, which speaks for itself.

12. Admits that Marc Lasner signed the 2005 Letter Agreement but denies having knowledge or information sufficient to form a belief with respect to the exact date Plaintiff received the signed 2005 Letter Agreement.

13. Denies the allegations in paragraph 13 of the Complaint, except admits that the 2005 Letter Agreement enclosed a nonstatutory stock option agreement.

14. Denies the allegations in paragraph 14 of the Complaint and respectfully refers the Court to the Holder's Acceptance attached to the Complaint as Exhibit 2, which speaks for itself.

15. Denies the allegations in paragraph 15 of the Complaint and respectfully refers the Court to the agreement between Fluoropharma and Defendant dated March 6, 2007 attached to the Complaint as Exhibit 3, which speaks for itself.

16. Denies having knowledge or information sufficient to form a belief as to the allegations in paragraph 16 of the Complaint.

17. Denies having knowledge or information sufficient to form a belief with respect to the allegations in paragraph 17 of the Complaint, except admits that Fluoropharma merged with its predecessor in interest.

18. Denies the allegation in paragraph 18 and respectfully refers the Court to Exhibits 4 and 5 of the Complaint, which speak for themselves.

19. Denies the allegations in paragraph 19 and respectfully refers the Court to Exhibit 6 of the Complaint, which speaks for itself.

20. Denies the allegations in paragraph 20 and respectfully refers the Court to Exhibit 7 of the Complaint, which speaks for itself.

21. Denies the allegation in paragraph 21 and respectfully refers the Court to Exhibit 8 of the Complaint, which speaks for itself.

22. Denies the allegations in paragraph 22 and respectfully refers the Court to Exhibit 9 of the Complaint, which speaks for itself.

23. Denies the allegations in paragraph 23 of the Complaint, except admits that Defendant did not permit Plaintiff to exercise expired stock options.

**AS AND FOR AN ANSWER TO PLAINTIFF'S FIRST CLAIM FOR RELIEF**

24. Fluoropharma repeats each and every of the above denials, admission, and averments as if fully stated herein.

25. Denies the allegations in paragraph 25 of the Complaint.

26. Denies the allegations in paragraph 26 of the Complaint and respectfully refers the Court to the 2005 Letter Agreement, which speaks for itself.

27. Denies the allegations in paragraph 27 of the Complaint and avers the 2005 Letter Agreement, by its terms, specifically incorporated a nonstatutory option agreement, which stated the expiration date of these options as February 28, 2012.

28. Denies the allegations in paragraph 28 of the Complaint and avers that the options underlying the 2005 Letter Agreement expired on February 28, 2012.

29. Avers that the options underlying the 2005 Letter Agreement expired on February 28, 2012 and so those options could not be used to purchase Fluoropharma's stock after this date and further avers that paragraph 29 otherwise draws a legal conclusion and so there are no facts to either admit or deny in paragraph 29 of the Complaint.

30. Denies the allegation in paragraph 30 of the Complaint.

**AS AND FOR AN ANSWER TO PLAINTFF'S SECOND CLAIM FOR RELIEF**

31. Fluoropharma repeats each and every of the above denials, admission, and averments as if fully stated herein.

32. Avers that paragraph 32 draws a legal conclusion and so there are no facts to either admit or deny in paragraph 32 of the Complaint.

33. Avers that paragraph 33 draws a legal conclusion and so there are no facts to either admit or deny in paragraph 33 of the Complaint.

34. Denies the allegations in paragraph 34 of the Complaint.

35. Denies the allegations in paragraph 35 of the Complaint.

36. Denies the allegations in paragraph 36 of the Complaint.

**AS AND FOR AN ANSWER TO PLAINTIFF'S THIRD CLAIM FOR RELIEF**

37. Fluoropharma repeats each and every of the above, denials, admissions, and averments as if fully stated herein.

38. Avers the Court has dismissed Plaintiff's third claim for relief as stated in the Complaint (ECF No. 39) and so paragraph 38 is a nullity.

39. Avers the Court has dismissed Plaintiff's third claim for relief as stated in the Complaint and so paragraph 39 is a nullity.

40. Avers the Court has dismissed Plaintiff's third claim for relief as stated in the Complaint and so paragraph 40 is a nullity.

41. Avers the Court has dismissed Plaintiff's third claim for relief as stated in the Complaint and so paragraph 41 is a nullity.

42. Avers the Court has dismissed Plaintiff's third claim for relief as stated in the Complaint and so paragraph 42 is a nullity.

43. Avers the Court has dismissed Plaintiff's third claim for relief as stated in the Complaint and so paragraph 43 is a nullity.

**AS AND FOR AN ANSWER TO PLAINTFF'S FOURTH CLAIM FOR RELIEF**

44. Fluoropharma repeats each and every of the above denials, admissions, and averments as if fully stated herein.

45. Avers that paragraph 45 draws a legal conclusion and so there are no facts to either admit or deny in paragraph 45 of the Complaint.

46. Denies the allegations in paragraph 46 of the Complaint.

47. Denies the allegations in paragraph 47 of the Complaint.

48. Avers that paragraph 48 draws a legal conclusion and so there are no facts to either admit or deny in paragraph 48 of the Complaint.

49. Fluoropharma repeats each and every of the above denials, admissions, and averments as if fully stated herein.

50. Denies the allegations in paragraph 50 of the Complaint.

51. Denies the allegations in paragraph 51 of the Complaint.

52. Denies the allegations in paragraph 52 of the Complaint.

53. Denies the allegations in paragraph 53 of the Complaint.

54. Denies having knowledge or information sufficient to form a belief as to the allegations in paragraph 54 of the Complaint.

55. Denies the allegations in paragraph 55 of the Complaint.

56.     Avers that paragraph 56 draws a legal conclusion and so there are no facts to either admit or deny in paragraph 56 of the Complaint.

**AFFIRMATIVE DEFENSES**

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims for fraud are barred, in whole or in party, by Nevada's three year statute of limitations codified at Nev. Rev. State § 11.190(3)(d) because, on March 4, 2005, Plaintiff received the nonstatutory option agreement, which stated the expiration date of the options underlying the 2005 Letter Agreement as February 28, 2012.  Accordingly, Plaintiff's claims for fraud expired on March 4, 2008.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are contradicted by the nonstatutory option agreement referenced in the 2005 Letter Agreement (the "Option Agreement").

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's allegation that the options underlying the 2005 Letter Agreement expired on February 28, 2015 is contradicted by the Option Agreement.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's allegation that he never received the Option Agreement is contradicted by the documentary evidence.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's allegation that the Holder's Acceptance was only presented as a single page document is contradicted by the documentary evidence.  The Holder's Acceptance is the signature page to Option Agreement, which was sent to Plaintiff on March 4, 2005.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

Defendant did not owe Plaintiff a fiduciary duty.

### AS AND FOR AN EIGHT AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the principles or doctrines of estoppel, waiver, laches and/or unclean hands.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, as a matter of fact and law as shown by the documentary evidence.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff breached his fiduciary duty to Defendant, which excused Defendant's obligation to perform.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend its Answer to assert any such defense by appropriate motion.

DATED this 3rd day of July 2014.

McDONALD CARANO WILSON LLP

By: */s/ Josephine Binetti McPeak*
JEFF SILVESTRI (#5779)
JOSEPHINE BINETTI McPEAK (#7994)
2300 W. Sahara Avenue, Suite 1200
Las Vegas, NV  89102
Telephone:  702.873.4100
Facsimile:   702.874.9966
E-mail: jsilvestri@mcdonaldcarano.com
            jmcpeak@mcdonaldcarano.com

MARC J. ROSS (Pro Hac Vice)
MATTHEW P. CANINI (Pro Hac Vice)
SICHENZIA ROSS FRIEDMAN FERENCE LLP
61 Broadway, 32nd Floor
New York, NY 10006
Telephone:  212.930.9700
Facsimile:   212.930.9725
E-mail: mross@srff.com
            mcanini@srff.com

*Attorneys for Defendant Fluoropharma Medical, Inc.*

309878

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of McDonald Carano Wilson LLP, and that on the 3rd day of July, 2014, a true and correct copy of the foregoing Answer was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification in this case.

*/s/ Della Sampson*
An employee of McDonald Carano Wilson LLP